996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James William ALLTOP, Plaintiff-Appellant,
v.
CITY OF FORT COLLINS, Bruce D. Glasscock, individually and
in his official capacity as the Chief of Police for the City
of Fort Collins, Colorado; Craig A. Dodd, individually and
in his official capacity as a Police Officer for the City of
Fort Collins, Colorado; Spencer W. Alvord, individually and
in his official capacity as a Police Officer for the City of
Fort Collins, Colorado; Robert J. McKibben, individually
and in his official capacity as a Police Officer for the
City of Fort Collins, Colorado; Thomas A. McLellan,
individually and in his official capacity as a Police
Officer for the City of Fort Collins, Colorado, Defendants-Appellees.
 No. 92-1311.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff James William Alltop appeals a district court order granting the defendants' motion for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 On October 28, 1989, Mr. Alltop attended a costume party at the home of James Harrington. Alltop was dressed as a "mountain man" and carried three handguns as part of his costume. During the party, officers of the City of Fort Collins, Colorado police department executed a search warrant and entered Harrington's home. One of the officers, Craig A. Dodd, encountered Alltop in the kitchen. Officer Dodd wore clothing clearly identifying himself as a police officer. Although there is a dispute as to whether Alltop pointed a handgun at Dodd, Alltop did have a gun in his hand and was moving it despite Officer Dodd's command not to move. Dodd fired one shot and hit Alltop in the shoulder. Alltop brought this suit under 28 U.S.C. § 1983, alleging violations of several of his constitutional rights.
 
 
 4
 The district court granted summary judgment to the defendants, concluding, inter alia, that Officer Dodd's conduct was objectively reasonable as a matter of law and therefore constitutional. Alltop does not challenge this conclusion. Rather, he argues that the officers' entry into Harrington's home was illegal because it was done pursuant to an invalid warrant and contends that the illegal entry was the direct and proximate cause of his injuries. We reject this argument. As a matter of law, Alltop's conduct was an intervening event that broke the chain of causation between the allegedly illegal entry and the shooting.
 
 
 5
 Because Alltop does not identify any injury attributable to the alleged constitutional violation, he fails to state a claim cognizable under § 1983. We therefore AFFIRM for substantially the same reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3